FILED

NOV 18 2022 KRA

THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| Joel A. Brodsky ) | | |
| ) | | **1:22-cv-06462** |
| **Plaintiff** ) | | **Judge Sharon Johnson Coleman** |
| ) | | **Magistrate Judge Sunil R. Harjani** |
| **v.** ) | **No.** | **RANDOM** |
| ) | | |
| Federal Bureau of Investigations an agency ) | **Judge:** | |
| of the United States of America, ) | | |
| ) | **Magistrate:** | |
| **Defendant.** ) | | |
| ) | | |
| ) | | |

## FREEDOM OF INFORMATION ACT COMPLAINT

### Introduction

1. Plaintiff, Joel A. Brodsky, brings this action under the Freedom of Information Act, 5 U.S.C. §552, ("FOIA"), to compel Defendant, the Federal Bureau of Investigations, ("FBI"), to disclose all documents requested by Plaintiff from Defendant under the provisions of the FOIA. On October 11, 2020, Plaintiff requested copies of specified documents maintained or indexed by the FBI concerning the Plaintiff Joel A. Brodsky. None of the documents requested have been provided. Relief is sought from this Court.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1331.

3. Venue lies in the this district pursuant to 5 U.S.C. §552(a)(4)(B).

### Parties

4. Plaintiff, Joel A. Brodsky, (hereinafter "Brodsky") is a natural born citizen of the United States Of America, who is a citizen of the State of Illinois and is a resident of the City of Chicago,

County Of Cook, State of Illinois.

5. Defendant, Federal Bureau of Investigations, is an agency of the United States. The FBI has possession and control of the records at issue.

<u>**Facts**</u>

6. On October 11, 2020, Plaintiff submitted a Freedom of Information Act ("FOIA") request to the Record/Information Dissemination Section of the FBI, along with his DOJ-36 Certification of Identity. The request asked for copies of specified documents maintained or indexed by the FBI under the name of Plaintiff, or concerning matters in which the Plaintiff was involved, including investigations in which he was a cooperating informant (CI) or cooperating witness (CW) for several FBI Special Agents. The period for which documents were requested was for several different specified periods between January 1, 2000 and October 11, 2020. Plaintiff also stated in the FOIA request that he is willing to pay for the reasonable costs of production of the documents and materials. (Exhibit "A")

7. One of the specified periods in Plaintiff's FOIA request is for the period between 2000 and 2006. During that period the Plaintiff was a CW/CI for several different FBI Special Agents in three (3) different investigations, including two (2) where he wore a recording devise and recorded conversations with subjects of the investigations. The investigations where Plaintiff wore a recording devise were (a) investigation into suspected illegal activity and suspected corruption, within the Domestic Relations Division of the Circuit Court of Cook County, Illinois, and (b) investigation into the murder of an organized crime member by other members of organized crime in Chicago, Illinois. (See Exhibits "A" and "G")

8. On October 15, 2020, the FBI responded to the Plaintiff's FOIA request stating that it

was "unable to identify records responsive to your request" and that the "request is being closed". (Exhibit "B")

9. Plaintiff knew that the forgoing response of the FBI that it was unable to identify records was incorrect because he had copies of some of the records where he was a CI/CW for the FBI.

10. Therefore on October 23, 2020, Plaintiff timely filed an Administrative Appeal with the U.S. Department of Justice asking that the erroneous response of October 15, 2020 to Plaintiffs FOIA request be reversed and that the documents be produced. (Exhibits "C" and "D")

11. Also, on October 23, 2020 the Plaintiff submitted a request for assistance with the FOIA Ombudsman at the Office of Government Information Services (OGIS), and the FBI FOIA Dispute Resolution Services asking them to intercede with the FBI to correct the obvious erroneous response of October 15, 2020 to Plaintiffs FOIA request.

12. Then on October 30, 2020 the Plaintiff was informed by the FBI FOIA Dispute Resolution Services that his FOIA request was being reopened, would be assigned a new FOIA request number, and processing of Plaintiffs FOIA request would start again. (Exhibit "E")

13. On November 4, 2020 the Plaintiff received a Notice from the Record/Information Dissemination Section of the FBI informing him that his FOIA request has been received by that office for processing, and providing him with his new FOIA request number. (Exhibit "F")

14. On January 13, 2021 Plaintiff made a written request to the Record/Information Dissemination Section of the FBI asking that his FOIA request be processed on an expedited basis under 28 CFR 16.5(d)(1)(iii). This request was denied on January 21, 2021 because the Plaintiff did not supply sufficient information for the requested to be expedited. (Exhibits "G" and "H")

15. On February 27, 2020 Plaintiff made a second written request to the Record/Information Dissemination Section of the FBI asking that his FOIA request be processed on an expedited basis under 28 CFR 16.5(d)(1)(iii). The second request supplied specific facts regarding the reasons the FOIA request should be expedited. This second request was denied on May 10, 2021. (Exhibits "I" and "J")

16. On May 11, 2021 Plaintiff was informed by an email sent from the FBI Information Management Division that his FOIA request had been assigned to an analyst who would be searching for, reviewing and reviewing potentially responsive records. (Exhibit "K")

17. In what can only be described as highly unusual for an FOIA request, in mid-August 2021 the Plaintiff was contacted by FBI Special Agent R.M. (SA R.M.) to arrange a meeting regarding the Plaintiff's FOIA request. Then on August 27, 2021 the Plaintiff met with SA R.M. at the FBI Chicago field office at 2111 W. Roosevelt Rd., Chicago. At that meeting SA R.M. correctly described in general terms the nature of materials the FBI had regarding Plaintiff. SA R.M. stated that he had been instructed to confirm that the Plaintiff was not being coerced or threatened into making his FOIA request, and to inform the Plaintiff that once these materials had been sent to the Plaintiff the FBI could not be responsible for the security of those materials. SA R.M. stated he was to submit a report confirming that the Plaintiff was making the FOIA request as his free and voluntary act and that he understood that once the materials left the FBI, they could not guarantee their security. Plaintiff informed SA R.M. that he had made the FOIA request, he was not being coerced or forced to do so, and he understood that once the materials had been sent to him the FBI could no longer assure their security. SA R.M. then told Plaintiff that he was satisfied with what Plaintiff had told him and would submit a report to that effect within the week.

18. On March 9, 2022 a check of the status of the Plaintiffs FOIA request on the FBI's web portal revealed that "The FBI's FOIPA program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing".

19. On September 1, 2022, in response to a voice mail message left by Plaintiff for the Chief of the FBI's Record/Information Dissemination Section, the Plaintiff received an email from the FBI's Public Information Officer in the Information Management Division which informed the Plaintiff that,

> "A review of your request has determined the following: The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a." (Exhibit "L)

20. However, on November 9, 2022, in response to a check on the status of Plaintiff's FIOA request on the FBI's FOIA web portal, the Plaintiff was given the same response he had been given on March 9, 2022, i.e. that, "The FBI's FOIPA program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing". (Exhibit "M")

21. Because on August 27, 2021, over a year ago, Special Agent R.M. had already been told by a superior at the FBI about the nature and contents of the documents and materials requested by Plaintiff, as well as what information they contained, it is a reasonable inference that the FBI Record/Information Dissemination Section has already located and looked at the materials that the Plaintiff is entitled to have copies of pursuant to his FOIA request. Despite this and despite the fact that it has been over 766 days since the Plaintiff submitted his FOIA Request to the FBI the Plaintiff still has not been provided copies of any of the documents he requested.

## Cause of Action

### Freedom of information Act- Wrongful Withholding of Records

22. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 21 of this Complaint.

23. Plaintiff has exhausted his administrative remedies, including filing a timely appeal, engaging with the FOIA Ombudsman at the Office of Government Information Services (OGIS), and the FBI FOIA Dispute Resolution Services, asking that the processing of his FOIA request be expedited, and reaching out to the Chief of the FBI's Record/Information Dissemination Section .

24. The materials requested do not fall within any exemption of 5 U.S.C. §552.   However, if despite the fact that none of the materials are exempt from disclosure, the FBI still has concerns regarding the release of some of the information contained in the materials, 5 U.S.C. §552 provides that the Court may conduct an *in camera* examination of the contents of any such records.

25. Plaintiff has requested release of these documents and records but the records and materials have not been promptly disclosed to the Plaintiff as required by 5 U.S.C. §552. Because it has been over 766 days since the Plaintiff submitted his FOIA request, and because the records and materials have not been promptly released to the Plaintiff, the Plaintiff has been *de facto* been denied disclosure in violation of 5 U.S.C. §552(a)(3)(A) and 5 U.S.C. §552(a)(4)(B).

26.  It is the agency's burden to sustain denying the release of, or failing to promptly disclose, the records Plaintiff has requested in his FOIA request.

27. Plaintiff has a statutory right under FOIA to the materials requested and there is no justification for the FBI failure to provide the records.

### Relief Requested

Wherefore, Plaintiff prays this Honorable Court:

    1. Pursuant to 5 U.S.C. §552, order the FBI to produce records denied to Plaintiff within the next thirty (30) days;

    2. Pursuant to 5 U.S.C. §552, order an injunction requiring the FBI to cease withholding the records and materials requested by the Plaintiff;

    3. Award Plaintiff his costs also award him reasonable compensation for his time expended in this matter as a "litigation cost" expended in this matter pursuant to 5 U.S.C. 552; and

    4. Order such other and further relief this Court deems proper.

Respectfully Submitted
Joel A. Brodsky, pro se

/s/ Joel A. Brodsky
Joel A. Brodsky, pro se

**Joel A. Brodsky**
Appellant – *Pro Se*
3240 N. Lake Shore Dr., Apt. 8C
Chicago IL 60657
(312) 523-9570
joelbrodsky@sbcglobal.net

**JOEL A. BRODSKY**
**3240 N. Lake Shore Drive, Apt. 8C, Chicago IL 60657**

October 11, 2020

Federal Bureau of Investigations
Record/Information Dissemination Section
Attn: FOIPA Request
170 Marcel Drive
Winchester, VA 22602-4843

Re: FOIA Request to Federal Bureau of Investigations;

Dear FOIA Officer:

This is a request under the Freedom of Information Act. **See Attached Rider**

**Date Range**: January 1, 2000 to December 31, 2006, and January 1, 2000 to present;

**Description of Request**: **See Attached Rider**; My DOJ-36 Certification of Identity is enclosed.

**Please search the FBI's indices to the Central Records System for the information responsive to this request related to**: **See Attached Rider**

I am willing to pay up to $500 for the processing of this request. Please inform me if the estimated fees will exceed this limit before processing my request.

I am seeking information for personal use, and not for commercial use.

Please send all responses to me at 3240 N. Lake Shore Dr., Apt. 8C, Chicago IL 60657. If you have any questions, please call. Thank you for your consideration.

Very truly yours,

Joel A. Brodsky
3240 N. Lake Shore Drive, Apt. 8C
Chicago IL 60657
United States of America

joelbrodsky@sbcglobal.net

Enc.  Rider to FOIA Request to FBI (2 pages)
      Certificate of Identity, Form DOJ-361 (1 page)

Exhibit "A"

Page 1 of 2

## RIDER TO FOIA REQUEST TO FBI
## BY JOEL A. BRODSKY DATED 10/11/2020

**Note:** This FOIA request concerns, and is being made by, Joel A. Brodsky, who was a CI/CW for the FBI, and who was told by SA ████████ that was given the code name/cover name████████. My full name is Joel Alan Brodsky, DOB: ████████████████ My signed DOJ-361 Certificate of Identity form is attached.

**Note:** I have some records of my involvement as a CI/CW, so a response that no records can be located will be appealed, as I know, and I can prove, that records exist.

    A.     Any and all documents, reports, or communications regarding or referring to Joel Alan Brodsky, Joel A. Brodsky or Joel Brodsky, who was a cooperating informant (CI) or cooperating witness (CW) for the FBI and who was given the FBI code name/cover name ████, and who worked with or at the direction of FBI Special Agent ████████, and/or FBI Special Agents ████ ████ and/or FBI Special Agent ████████ This section of this FOIA request is for the period between 2000 and 2006.

    B.     Any and all documents, reports, or communications regarding or referring to Joel Alan Brodsky, Joel A. Brodsky or Joel Brodsky who was a cooperating informant (CI) or cooperating witness (CW) for the FBI and who was given the FBI code name/cover name ████ This section of the FOIA request is for the period between 2000 and 2019.

    C.     Any and all documents, reports, or communications regarding or referring to Joel Alan Brodsky, Joel A. Brodsky or Joel Brodsky in regard to an ████████ investigation into the conduct of ████████████████, at any time after 2001.



Initials

**Page 2 of 2**

D.     Any and all documents, reports, or communications regarding or referring to an internal FBI investigation(s) into the ███████████████ ██████████ at any time after 2001.

E.     Any and all documents, reports, or communications regarding or referring to Joel Alan Brodsky, Joel A. Brodsky or Joel Brodsky at any time after 2001.

F.     Any and all documents, reports, or communications regarding or referring to an investigation into suspected criminal activity, suspected illegal activity and/or suspected corruption, within the Domestic Relations Division (a/k/a Divorce Division) of the Circuit Court of Cook County, Illinois, by the FBI at any time between 2000 and 2020,  including, but not limited to, investigations conducted by FBI Special ███████████ and/or FBI Special ████████████ and/or FBI Special Agent ████████████, and/or FBI Special Agents ████████ ██████ and/or FBI Special Agent ████████████.

G.     Any and all documents, reports, or communications within paragraph (F) of this FOIA request, which in any way involved cooperating informant (CI)/ cooperating witness (CW) Joel A. Brodsky, (who was assigned/given the FBI code name/cover name ███████), and who, at the direction of the FBI special agent(s), secretly recorded conversations he had with subjects including, but not limited to, ██████████████████████████ and others, at times during the period between 2000 and 2006;



Joel A. Brodsky

U.S Department of Justice

## Certification of Identity



FORM APPROVED OMB NO.
1103-0016 EXPIRES 05/31/2020

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]    **Joel Alan Brodsky**

Citizenship Status [2]  **United States of America**    Social Security Number ▮▮▮▮▮

Current Address  **3240 N. Lake Shore Drive, Apt. 8C., Chicago IL 60657**

Date of Birth ▮▮▮▮▮    Place of Birth ▮▮▮▮▮

## OPTIONAL: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Not Applicable**

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] ▮▮▮▮▮    Date **October 11, 2020**

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.



U.S. Department of Justice

Federal Bureau of Investigation
*Washington, D.C. 20535*

October 15, 2020

MR. JOEL ALAN BRODSKY
APARTMENT 8C
3240 NORTH LAKE SHORE DRIVE
CHICAGO, IL 60657

Request No.: 1███████
Subject: BRODSKY, JOEL ALAN

Dear Mr. Brodsky:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request. Based on the information you provided, we conducted a search of the places reasonably expected to have records. However, we were unable to identify records responsive to your request. Therefore, your request is being closed. If you have additional information pertaining to the subject of your request, please submit a new request providing the details, and we will conduct an additional search.

Please see the paragraphs below for relevant information that may be specific to your request. Only checked boxes contain corresponding paragraphs relevant to your request. If no boxes are checked, the corresponding information does not apply.

☐ Please be advised that your request was reopened based on the additional information you provided. A new search was conducted, and we were unable to identify responsive records.

☐ Records potentially responsive to your request were destroyed. Since this material could not be reviewed, it is not known if it was responsive to your request. Record retention and disposal is carried out under supervision of the National Archives and Records Administration (NARA) according to Title 44 United States Code Section 3301, Title 36 Code of Federal Regulations (CFR) Chapter 12 Sub-chapter B Part 1228, and 36 CFR 1229.10. Please be advised that the General Records Schedule (GRS) disposition authority for FOIPA records is DAA-GRS-2016-0002-0001 (GRS 4.2, Item 020).

☐ Records potentially responsive to your request were transferred to the National Archives and Records Administration (NARA). If you wish to review these records, file a FOIPA request with NARA at the following address:

National Archives and Records Administration
Special Access and FOIA
8601 Adelphi Road, Room 5500
College Park, MD 20740-6001

☐ Potentially responsive records were identified during the search. However, we were advised that they were not in their expected locations. An additional search for the missing records also met with unsuccessful results. Since we were unable to review the records, we were unable to determine if they were responsive to your request.

☐ The portion of your request concerning an FBI identification record -- commonly referred to as a criminal history record or "rap sheet" -- has been forwarded to the Criminal Justice Information Services (CJIS) Division for processing. For additional information, see the enclosed FBI FOIPA Addendum General Information Section.

☐ Requests for expedited processing are not applicable when a final response is issued within ten calendar days.

☐ Police departments should be aware that the search conducted was limited to FBI records. Requests for criminal history records or rap sheets should be directed to Criminal Justice Information Services (CJIS). Information regarding CJIS is listed in the enclosed FBI FOIPA Addendum General Information Section.

Exhibit "B"

Records potentially responsive to your request were transferred to the National Personnel Records Center - Civilian Personnel Records (NPRC-CPR). In order to obtain information on a file located at the NPRC, your request must be mailed to the following address:

National Archives and Records Administration
ATTN: Archival Programs
P.O. Box 38757
St. Louis, MO 63138

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request. "Part 1" of the Addendum includes standard responses that apply to all requests. "Part 2" includes additional standard responses that apply to all requests for records about yourself or any third party individuals. "Part 3" includes general information about FBI records that you may find useful. Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
     Dissemination Section
Information Management Division

Enclosures

**FBI FOIPA Addendum**

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request. Part 1 of the Addendum includes standard responses that apply to all requests. Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information. Part 3 includes general information about FBI records, searches, and programs.

**Part 1: The standard responses below apply to all requests:**

(i) **5 U.S.C. § 552(c).** Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)]. FBI responses are limited to those records subject to the requirements of the FOIPA. Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii) **Intelligence Records.** To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)]. The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)]. This is a standard response and should not be read to indicate that any such records do or do not exist.

**Part 2: The standard responses below apply to all requests for records on individuals:**

(i) **Requests for Records about any Individual—Watch Lists.** The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)]. This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii) **Requests for Records about any Individual—Witness Security Program Records.** The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

(iii) **Requests for Records for Incarcerated Individuals.** The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)]. This is a standard response and should not be read to indicate that such records do or do not exist.

**Part 3: General Information:**

(i) **Record Searches.** The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found. A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions. The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS. Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files. For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii) **FBI Records.** Founded in 1908, the FBI carries out a dual law enforcement and national security mission. As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii) **Requests for Criminal History Records or Rap Sheets.** The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet. These criminal history records are not the same as material in an investigative "FBI file." An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service. For a fee, individuals can request a copy of their Identity History Summary Check. Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks. Additionally, requests can be submitted electronically at www.edo.cjis.gov. For additional information, please contact CJIS directly at (304) 625-5590.

(iv) **National Name Check Program (NNCP).** The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security. Please be advised that this is a service provided to other federal agencies. Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)  related solely to the internal personnel rules and practices of an agency;

(b)(3)  specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)  trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)  inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)  personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)  records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)  contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)  geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)  material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)  information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)  investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)  material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)  required by statute to be maintained and used solely as statistical records;

(k)(5)  investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)  testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)  material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Appeal - MP FOIA 2.1.10

https://doj-foia.entellitrak.com/etk-doj-foia-prod/tracking.base.upda...

My Account    Sign Out    Help

MP FOIA 2.1.10 - ███████

**HOME**    **TRACKING INBOX**

Tracking Inbox ▶ Appeal

Assignment to Plot

**A-2021-**████
Requester: Brodsky, Joel A

Status: Submitted

▲ Workflow

○
Submitted          In Progress          Closed

| Appeal |

**Appeal Information**

Received Date          10/23/2020

Agency                          OIP
Document Delivery Method        Email
Assigned Attorney

**Request Information**

Request Number          ████
Component                FBI

**Basis for Appeal**

Description of Appeal    The response said no records, but I am the confidential informant in the
                         2001 investigation I am seeking records about so there are records. I
                         was very specific with the names of the agents involved, the dates, the
                         subject of the investigation, my CI name. Also, I still have some of my
                         communications regarding the investigation. There was an investigation
                         and there are records. The FBI claim that there are no records is
                         patently false.

Based on Denial of Fee Waiver          No
Based on Denial of Expedited           No
Processing
Requester Item Type 1    Certification of Identity
Requester Items 1        Certificate of Identity - Signed pdf
Requester Item Type 2    Supplemental Information
Requester Items 2        FBI FOIA Request - Submitted pdf
Requester Item Type 3    Supplemental Information
Requester Items 3        Rider to Joel Brodsky Request of FBI - 2020-10-11 pdf

**Requester Contact Information**

| | | | | |
|---|---|---|---|---|
| Salutation | Mr. | | Address Type | Home |
| First Name | Joel | | Country | United States |
| Middle Name | Alan | | Address Line 1 | 3240 N. Lake Shore Drive |
| Last Name | Brodsky | | Address Line 2 | Apt. 6C |
| Email Address | joelbrodsky@sbcglobal.net | | City | Chicago |
| Organization | | | State | Illinois |
| Register Number | ████ | | Zip/Postal Code | 60657 |
| Phone Number | ████ | | | |
| Fax Number | | | | |
| Other Information | | | | |

**Expedited Processing Information**

Expedited Processing Requested?    No

Exhibit "C"

Powered by entellitrak ⊠



**U.S. Department of Justice**
Office of Information Policy
*Sixth Floor*
*441 G Street, NW*
*Washington, DC 20530-0001*

*Telephone:* █████████

October 24, 2020

Joel Brodsky
3240 N. Lake Shore Drive Apt. 8C
Chicago, IL 60657
joelbrodsky@sbcglobal.net

Dear Joel Brodsky:

This is to advise you that the Office of Information Policy (OIP) of the U.S. Department of Justice received your administrative appeal from the action of the FBI regarding Request No. █████████ on 10/23/2020.

In an attempt to afford each appellant equal and impartial treatment, OIP has adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number A-2021████ Please refer to this number in any future communication with OIP regarding this matter. Please note that if you provided an email address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (█████████. If you have submitted your appeal through FOIA STAR, you may also check the status of your appeal by logging into your account.

Sincerely,

█████████████████████

Priscilla Jones
Supervisory Administrative Specialist

Exhibit "D"



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 30, 2020

MR. JOEL ALAN BRODSKY
APARTMENT 8C
3240 NORTH LAKE SHORE DRIVE
CHICAGO, IL 60657

FOIPA Request No.: 1█████████
Subject: BRODSKY, JOEL ALAN

Dear Mr. Brodsky:

Thank you for utilizing the Federal Bureau of Investigation's (FBI) Freedom of Information / Privacy Acts (FOIPA) dispute resolution services. We appreciate your patience regarding this matter.

Regarding your inquiry dated October 26, 2020, we conducted a review of your request. We determined that additional processing is required. Once your request has been reopened, it will be assigned a new FOIPA request number. Upon receiving this number, you will be able to view the status of your request at www.fbi.gov/foia by clicking on FOIPA Status and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update.

Should you disagree with our determination, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov for dispute resolution services from the FBI. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services," and you should also cite the FOIPA Request Number assigned to your request. Your use of dispute resolution services does not toll the time limit to file a timely appeal with the Director, OIP, U.S. Department of Justice.

Sincerely,

██████████████

Michael G. Seidel
Section Chief
Record/Information
Dissemination Section
Information Management Division

Enclosure

# Exhibit "E"



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

November 4, 2020

MR. JOEL ALAN BRODSKY
APARTMENT 8C
3240 NORTH LAKE SHORE DRIVE
CHICAGO, IL 60657

FOIPA Request No.
Subject: BRODSKY, JOEL ALAN

Dear Mr. Brodsky:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI. Below you will find check boxes and informational paragraphs about your request, as well as specific determinations required by these statutes. Please read each one carefully.

☑ Your request has been received at FBI Headquarters for processing.

☐ You submitted your request via the FBI's eFOIPA system.

☐ We have reviewed your request and determined it is consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be provided in an email link unless the record's file type is not supported by the eFOIPA system.

☐ We have reviewed your request and determined it is not consistent with the FBI eFOIPA terms of service. Future correspondence about your FOIPA request will be sent through standard mail.

☐ The subject of your request is currently being processed and documents will be released to you upon completion.

☐ Release of responsive records will be posted to the FBI's electronic FOIA Library (The Vault), http:/vault.fbi.gov, and you will be contacted when the release is posted.

☐ Your request for a public interest fee waiver is under consideration and you will be advised of the decision if fees are applicable. If your fee waiver is not granted, you will be responsible for applicable fees per your designated requester fee category below.

☑ For the purpose of assessing any fees, we have determined:

☐ As a commercial use requester, you will be charged applicable search, review, and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(II)(I).

☐ As an educational institution, noncommercial scientific institution or representative of the news media requester, you will be charged applicable duplication fees in accordance with 5 USC § 552 (a)(4)(A)(II)(II).

☑ As a general (all others) requester, you will be charged applicable search and duplication fees in accordance with 5 USC § 552 (a)(4)(A)(II)(III).

Exhibit "F"

Please check the status of your FOIPA request at www.fbi.gov/foia by clicking on FOIPA Status and entering your FOIPA Request Number. Status updates are adjusted weekly. The status of newly assigned requests may not be available until the next weekly update. If the FOIPA has been closed the notice will indicate that appropriate correspondence has been mailed to the address on file.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

## Joel Brodsky

**From:** Joel A Brodsky <joelbrodsky@sbcglobal.net>
**Sent:** Wednesday, January 13, 2021 10:41 AM
**To:** 'FOIPAQUESTIONS'
**Subject:** RE: [EXTERNAL EMAIL] - FOIA Request ██████, Brodsky, Joel Alan

**Importance:** High

**Sir,**

**I would like to submit my request for <u>expedited processing of my FOIA request</u> ████████ ██. The basis for this request is 28 C.F.R. § 16.5 (d) (1) (iii):"The loss of substantial due process of rights.". I am involved in litigation where (1) one of the person involved as a person of interest in my cooperation as a CI is involved in litigation that is the subject of intense media coverage and I need some confirmation that I was a CI and the subject matter (if not the identity that the person) that was the subject of my cooperation; and (2) some of the things I did as a cooperating informant can be used for showing good character in other litigation I am involved in and I need official proof of my status as a CI, and the subject the bureau was looking at, to be able to submit evidence of my good character, without which I will lose important due process rights. (as a CI, I put myself in some danger, without any benefit or expectation of benefit, to assist the FBI in at least three (3) investigations, one (1) involving corruption in the local (Chicago, Cook County) court system and one (1) involving an organized crime murder. As the records will show, I even wore a recording devise (wire) to an ██████████████████ at great personal risk. I would hope for some appreciation from the bureau now that over 20 years later I am asking for the release of information concerning what I did that can help me in litigation.)**

**Joel A. Brodsky**
██████████
**joelbrodsky@sbcglobal.net**

Exhibit "G"



**U.S. Department of Justice**

**Federal Bureau of Investigation**
*Washington, D.C. 20535*

January 21, 2021

MR. JOEL ALAN BRODSKY
APARTMENT 8C
3240 NORTH LAKE SHORE DRIVE
CHICAGO, IL 60657

FOIPA Request No.: ▮▮▮▮▮▮▮
Subject: BRODSKY, JOEL ALAN

Dear Mr. Brodsky:

This is in reference to your letter to the FBI, in which you requested expedited processing for the above-referenced Freedom of Information/Privacy Acts (FOIPA) request. Under Department of Justice (DOJ) standards, expedited processing can only be granted in the following situations.

You have requested expedited processing according to:

☐ **28 C.F.R. §16.5 (e)(1)(i):** "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual."

☐ **28 C.F.R. §16.5 (e)(1)(ii):** "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."

☑ **28 C.F.R. §16.5 (e)(1)(iii):** "The loss of substantial due process of rights."

☐ **28 C.F.R. §16.5 (e)(1)(iv):** "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

You have not provided enough information concerning the statutory requirements for expedition; therefore, your request is denied.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal. Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

*[signature]*

Michael G. Seidel
Section Chief
Record/Information
    Dissemination Section
Information Management Division

Exhibit "H"

**Joel Brodsky**

| | |
|---|---|
| **From:** | Joel A Brodsky <joelbrodsky@sbcglobal.net> |
| **Sent:** | Saturday, February 27, 2021 5:18 PM |
| **To:** | 'FOIPAQUESTIONS' |
| **Subject:** | RE: [EXTERNAL EMAIL] - FOIA Request ███████ Brodsky, Joel Alan |
| **Importance:** | High |

Sir,

I would like to <u>re-submit</u> my request for <u>expedited processing of my FOIA request</u> ███████████. My previous request was rejected because it did not contain sufficient detail. After reviewing the request, I believe your office was correct and I need to provide more detail. Therefore, rather than appeal the denial of the request for expedited processing I am re-submitting it with the necessary additional information.

The basis for the request for <u>expedited processing of my FOIA request</u>█████████ ████ is 28 C.F.R. § 16.5 (d) (1) (iii):"The loss of substantial due process of rights." I am a party to legal proceedings before the Illinois Supreme Court, in the case of <u>*In Re: Joel Alan Brodsky*</u>████████████████ In ████████████, a series of hearings will begin regarding the ████████████████████████████████ These will be before a ████████ ████████████████████████████████████████ Court. (There will also be concurrent proceedings before the ████ ████████████████████████████████ in the case of <u>*In Re Joel Alan*</u> <u>*Brodsky,*</u> ████████████ In the case the major issue will be my character, integrity, ethics, and dedication to the legal system and the rule of law.

As my FOIA request states, I was a confidential informant (CI) 20 years ago, who at times wore recording devises and acted undercover in investigations into corruption in the Cook County Illinois court system. Around the same time I was also involved in an organized crime murder investigation where, on two (2) occasions, I wore a recording devise on organized crime members in trying to solve the murder of an organized crime member. Documents showing all of this will be substantial direct proof of, and corroborative evidence of, my good character, integrity and my dedication to an honest justice system. Also evidence that will show that I was willing to put myself in dangerous situation to fight against organized crime will be useful in showing my dedication to the legal system and the rule of law. This is the major issue in the above referenced cases starting in ████████████. If I do not have the evidence and documents which I have requested in my FOIA request I will not be able to submit substantial proof to the ████████████████ ████████ and I will therefore lose the important due process right of being able to obtain

1

Exhibit "I"

from and present evidence favorable to my case. I would hope and expect that the bureau would want to see that I did not lose this important due process right. I would also hope for some appreciation from the bureau, over 20 years later after I went into dangerous situations on their behalf, when I am asking for the release of information concerning the assistance I gave the FBi, which I need in order to present evidence in a court of law and preserve my due process right to present favorable evidence that only the FBI has.

Thank you for your consideration of this more detailed re-submission of my request for expedited processing under 28 C.F.R. § 16.5 (d) (1) (iii) of my FOIA request ▓▓▓▓▓▓▓

**Joel A. Brodsky**

▓▓▓▓▓▓▓▓▓▓

**joelbrodsky@sbcglobal.net**

---

From: FOIPAQUESTIONS [mailto:▓▓▓▓▓▓▓▓▓▓▓▓▓]
Sent: Wednesday, December 30, 2020 9:26 AM
To: Joel A Brodsky
Subject: RE: [EXTERNAL EMAIL] - FOIA Request ▓▓▓▓▓▓▓ Brodsky, Joel Alan

Good morning,

Pursuant to the U. S. Department of Justice (DOJ) standards permitting expedition, expedited processing can only be granted when it is determined that a FOIPA request involves one or more of the below categories:

1. 28 C.F.R. § 16.5 (d) (1) (i): "Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to life or physical safety of an individual."
2. 28 C.F.R. §16.5(d) (1) (ii): "An urgency to inform the public about an actual or alleged federal government activity, if made by a person primarily engaged in disseminating information."
3. 28 C.F.R. § 16.5 (d) (1) (iii): "The loss of substantial due process of rights."
4. 28 C.F.R. § 16.5 (d) (1) (IV): "A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence."

Requesters must submit a request for Expedited Processing and upon receipt and review, written notification will be mailed to the requester notifying them that Expedited Processing has been "granted" or "denied". If approved, the Record/Information Dissemination Section will process the request "as soon as practicable."

Additional information regarding Expedited Processing can be viewed by accessing the following: ▓▓▓▓▓▓▓▓▓▓▓ and click on the U. S. Department of Justice Reference Guide link (Section VI: Expedited Processing).

If you require further assistance, please contact ▓▓▓▓▓▓▓▓▓▓▓▓

Thank you,

Public Information Officer
FBI - Information Management Division
170 Marcel Drive

Exhibit "I"

## Joel Brodsky

| | |
|---|---|
| **From:** | FOIPAQUESTIONS@FBI.GOV |
| **Sent:** | Monday, May 10, 2021 12:34 PM |
| **To:** | Joel A Brodsky |
| **Subject:** | RE: [EXTERNAL EMAIL] - FOIA Request ████████ Brodsky, Joel Alan |

Good afternoon,

Thank you for contacting foipaquestions@fbi.gov. Your second request for expedited processed was also denied.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
████████████

E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at ████████████████████████ Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbigov/ or reach out to your local field office.

1    Exhibit "J"

**Joel Brodsky**

| | |
|---|---|
| **From:** | FOIPAQUESTIONS@FBI.GOV |
| **Sent:** | Tuesday, May 11, 2021 10:18 AM |
| **To:** | Joel A Brodsky |
| **Subject:** | RE: [EXTERNAL EMAIL] - FOIA Request ▇▇▇▇▇▇ Brodsky, Joel Alan |

Good morning,

Thank you for your inquiry regarding the status of your Freedom of Information Act/Privacy (FOIPA) request. A review of your request has determined the following:

The request is presently in Initial Processing, where the assigned analyst is searching for, retrieving and reviewing potentially responsive records.

Requests are processed in the order in which they are received through our multi-track processing system. Requests are divided into two primary tracks—simple (under 50 pages of potentially responsive documents) and complex (over 50 pages of potentially responsive documents). Complex requests are further divided into medium, large, and extra-large sub-tracks based upon request size. Simple track requests typically require the least amount of time to process. Currently, simple track cases average approximately 104 days from the date of receipt for processing. Our complex requests in the medium processing track are currently averaging 853 days, large processing track are currently averaging approximately 1,786 days, and extra-large processing track are currently averaging 2,500 days for processing.

The search for responsive records is ongoing for your request, so we do not yet know into which track it will fall. The estimated date of completion is therefore based on the average processing time of complex requests in the large processing track. Accordingly, the estimated date on which the FBI will complete action on your request is 1,786 days from the date the FBI opened your request. Once the search has been completed, you may request an updated estimated date of completion.

Additional information regarding the Freedom of Information Act/Privacy is available at http://www.fbi.gov/ or http://www.fbi.gov/foia/. If you require additional assistance please contact foipaquestions@fbi.gov.

Please check the status of your request online at http://vault.fbi.gov by clicking on the "Check Status of Your FOI/PA Request" link. Status updates are performed on a weekly basis. If your request does not yet appear in the system, please check back later in the week.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA 22602
▇▇▇▇▇▇
E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Status updates are performed on a weekly basis.

Exhibit "K"

**Joel Brodsky**

| | |
|---|---|
| **From:** | FOIPAQUESTIONS@FBI.GOV |
| **Sent:** | Thursday, September 01, 2022 10:11 AM |
| **To:** | joelbrodsky@sbcglobal.net |
| **Subject:** | ███████████ FOIA to FBI |

Good morning,

This email is being sent in reference to the voicemail you left with our office regarding FOIA Request ██████████. A review of your request has determined the following: The request is presently awaiting assignment to a Disclosure analyst who will then review the records to determine if any redactions are required pursuant to subsections of Title 5, U. S. Code, Section 552 and 552a.

You may check the status of your request online at http://vault.fbi.gov by clicking on the 'Check Status of Your FOI/PA Request' link. Online status reports are updated weekly.

Respectfully,

Public Information Officer
FBI - Information Management Division
200 Constitution Drive
Winchester, VA  22602
████████████

E: foipaquestions@fbi.gov

Do you have further questions about the FOI/PA process? Visit us at http://www.fbi.gov/foia

Please check the status of your request online at ██████████████████████████ Status updates are performed on a weekly basis.

Note: This is a non-emergency email address. If this is an emergency, please call 911 directly. If you need to report a tip for immediate action, please contact FBI Tips at http://tips.fbi.gov/ or reach out to your local field office.

Exhibit "L"

1



**THE FBI** FEDERAL BUREAU OF INVESTIGATION

*FBI Records: The Vault*

Vault Home • FDPS

### Check Status of Your FOIA Request

If your FOIPA Number ▓▓▓▓▓ please enter ▓▓▓▓▓▓▓ into the system. If your FOIPA number is ▓ ▓▓▓▓▓▓▓ please enter ▓▓▓▓▓ into the system. If you have any questions about the status of your FOIPA request, please e-mail foipaquestions@fbi.gov.

Find status of FOIPA–Last updated on Nov. 9, 2022 2:25 pm

FOIPA: [          ]    Submit

**Result**

FOIPA ▓▓▓▓▓▓▓

Case Type
FOIPA

Process Description
The FBI's FOIPA Program has identified potential responsive information to your request(s) and awaits assignment to a Government Information Specialist (GIS) for further processing.

Accessibility | eRulemaking | Freedom of Information Act | Legal Notices | Legal Policies and Disclaimers | Links | Privacy Policy | USA.gov | White House
FBI.gov is an official site of the U.S. government, U.S. Department of Justice

Exhibit "M"